SKAMANIA COUNTY
FILED
JUN 24 2025 4:57:45 PM
GRACE D. CROSS
SUPERIOR COURT CLERK

1
2
3
4
5
6

**SUPERIOR COURT FOR THE STATE OF WASHINGTON**

**IN AND FOR SKAMANIA COUNTY**

| | |
|---|---|
| MUTUAL OF ENUMCLAW INSURANCE COMPANY; ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; ALLSTATE NORTHBROOK INDEMNITY COMPANY; FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN; TRUCK INSURANCE EXCHANGE; UNITED SERVICES AUTOMOBILE ASSOCIATION; USAA CASUALTY INSURANCE COMPANY; USAA GENERAL INDEMNITY COMPANY; GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY; STATE FARM FIRE AND CASUALTY COMPANY; and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BNSF RAILWAY COMPANY; and DOES 1 TO 10,<br><br>        Defendants. | Case No.: **25-2-00052-30**<br><br>**COMPLAINT FOR DAMAGES**<br><br>  **(1) NEGLIGENCE**<br><br>  **(2) NEGLIGENT TRESPASS**<br><br>  **(3) INTENTIONAL TRESPASS**<br><br>  **(4) STATUTORY WASTE (RCW 4.24.630)**<br><br>  **(5) PUBLIC AND PRIVATE NUISANCE (RCW 7.48.010, et. Seq.)**<br><br>  **(6) RES ISPA LOQUITOR**<br><br>  **(7) INVERSE CONDEMNATION (WASHINGTON CONSTITUTION Article 1 section 16)** |

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1    Plaintiffs MUTUAL OF ENUMCLAW INSURANCE COMPANY, ALLSTATE VEHICLE
2  AND PROPERTY INSURANCE COMPANY, ALLSTATE NORTHBROOK INDEMNITY
3  COMPANY, FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, TRUCK
4  INSURANCE EXCHANGE, UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA
5  CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY; GARRISON
6  PROPERTY AND CASUALTY INSURANCE COMPANY; STATE FARM FIRE AND CASUALTY
7  COMPANY; and SAFECO INSURANCE COMPANY OF AMERICA, ("Plaintiffs"), by and through
8  their undersigned counsel, hereby file the following complaint for damages ("Complaint") against
9  Defendant BNSF Railway Company (hereinafter "Defendant" or "BNSF") and DOES 1 TO 10.

## I.

## INTRODUCTION

12    1.    This Complaint is a subrogation action seeking redress for property damage, loss of use,
13  and other insured losses paid by Plaintiffs pursuant to policies of insurance with their respective
14  Insureds ("Plaintiffs' Insureds") resulting from the Tunnel 5 Fire, a catastrophic wildfire that ignited on
15  July 2, 2023, in Skamania County, Washington ("The Fire").



**The Tunnel 5 Fire near White Salmon. Photo courtesy of Heather Tianen. (Photo credit: Jurgen Hess).**

25    2.    The Fire was sparked by one of BNSF's trains consisting of locomotive number 2322, a
26  non-turbocharged engine that is over 40 years old of a type notorious for emitting superheated diesel
27  carbon and other particles, locomotive number 2600, and 12-15 cars loaded with lumber (the "Train").

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

3.      The Fire started when superheated particles emitted from Defendant's Train ignited dry brush and other vegetation in three locations over an approximately 690-foot distance, all on the north side of BNSF's tracks and east of Tunnel 5.

4.      The Fire quickly spread, displacing about 1,000 residents, including Plaintiffs' Insureds, destroying 10 homes, and burning over 500 acres. At least 40 fire engines, 256 firefighters and other personnel, five helicopters, six bulldozers and 16 water tenders were needed to fight The Fire.



**The BNSF train shortly before it ignited the Tunnel 5 fire. This image was captured by an Amtrak**

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

train's forward-facing camera about two and a half hours before the start of the The Fire. The arrow below the box that states "06/27/23 Fire" indicates the area where BNSF's track maintenance activities started a small fire only five days before BNSF's Train started the Tunnel 5 Fire. "SOA" indicates a specific origin area for The Fire. (Photo credit: Washington DNR/Bryan Baller).

## II.

## PARTIES

**A.   Plaintiffs**

5.    Plaintiffs are insurance carriers.  At all times relevant to this pleading, Plaintiffs were duly licensed to issue policies of insurance in the State of Washington.

6.    Plaintiffs have elected to join their individual claims in a single action under the rules of permissive joinder of Washington Rule of Court No. 20 (CR 20).  Plaintiffs do not seek class certification or any relief on any collective basis.  Instead, they seek compensation as insurance carriers subrogated to the rights of their Insureds for damages suffered due to The Fire.

7.    At all relevant times Plaintiff MUTUAL OF ENUMCLAW INSURANCE COMPANY was and is domiciled in the State of Washington and duly licensed to conduct business in the State of Washington as an insurance company and provided first party insurance coverage, in case of fire or other casualty, to Steven Maier.

8.    At all relevant times Plaintiffs ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY was and is domiciled in the State of Illinois and duly licensed to conduct business in the State of Washington as an insurance company and provided first party insurance coverage, in case of fire or other casualty, to its Insureds Joann Hamilton, Jinlu Yuan, and Gregory MacDonald.

9.    At all relevant times Plaintiff Allstate Northbrook Indemnity Company was and is domiciled in the State of Illinois and duly licensed to conduct business in the State of Washington as an insurance company and provided first party insurance coverage, in case of fire or other casualty, to its insured Gregory MacDonald.

10.    At all relevant times Plaintiff FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN was and is domiciled in the State of Michigan and duly licensed to conduct business in the State of Washington as an insurance company and provided first party insurance

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

coverage, in case of fire or other casualty, to:

      a.  Harrison Kor

      b.  Lance Brooks

      c.  Gail Thompson, Trustee

      d.  Broughton Lumber Company, LLC

      e.  Phemister Art

11.    At all relevant times Plaintiff TRUCK INSURANCE EXCHANGE was and is domiciled in the State of California and duly licensed to conduct business in the State of Washington as an insurance company and provided first party insurance coverage, in case of fire or other casualty, to its insured Steve Wolff.

12.    At all relevant times, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION ("USAA") was a reciprocal inter-insurance exchange owned and governed by its members/policy holders in all fifty states, who also own Plaintiff USAA's wholly owned subsidiaries Plaintiffs USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY. The USAA plaintiffs are domiciled in the State of Texas and duly licensed to conduct business in the State of Washington as insurance companies and provided first party insurance coverage in case of fire or other casualty to Insureds Andrew Bissell and Robert Florek.

13.    At all relevant times, Plaintiff STATE FARM FIRE AND CASUALTY COMPANY, was and is domiciled in the State of Illinois and duly licensed to conduct business in the State of Washington as an insurance company and provided first party insurance coverage, in case of fire or other casualty, to its insured Patrick W. McConnell.

14.    At all relevant times, Plaintiff SAFECO INSURANCE COMPANY OF AMERICA, was and is domiciled in the State of New Hampshire and duly licensed to conduct business in the State of Washington as an insurance company and provided first party insurance coverage, in case of fire or other casualty, to its Insureds Kirby Richards, Steven Wisenbaker and Jo Runyon.

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

**B.**    **Defendants**

15.    Defendant BNSF RAILWAY COMPANY is and was, at all times relevant to this pleading, a Delaware corporation doing business in the State of Washington and specifically in Skamania County.  At all times relevant to this pleading, Defendant's business activities in Skamania County included the ownership, operation, maintenance, management and repair of a railroad system as a common carrier.

16.    Defendants Does 1 through 50, inclusive, and each of them, are as yet unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe, and thereby allege, that each of the Defendants designated herein as Doe is legally responsible in some manner for the events and happenings referred to herein.  Plaintiffs will seek leave to amend this Complaint when the true names and capacities of Defendants sued as Does 1 through 10 are ascertained.

### III.

### JURISDICTION

17.    This Court has original jurisdiction pursuant to RCW 2.08.010 where this is a civil matter for damages in controversy in excess of $50,000.

18.    Plaintiffs UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY are reciprocal or inter-insurance exchanges, or companies wholly owned by an exchange, that are domiciled in Texas but include members who are citizens of the State of Washington. A reciprocal exchange and an inter-insurance exchange are each a specially structured insurance carrier owned by its policy holders who are members of the exchange.

19.    Federal Courts are courts of limited jurisdiction, and to remove a case under diversity jurisdiction, there must be complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff. In re *Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). 11. For purposes of determining a party's citizenship, a corporation is deemed a citizen of

COMPLAINT FOR DAMAGES
Page **6** of 26

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1  any state in which it is incorporated or has its principal place of business. *See* 28 U.S.C. § 1332(c).

2  However, an unincorporated association is deemed a citizen of any state in which its "members" are

3  citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

4       20.    In a reciprocal or inter-insurance exchange, individuals and businesses pool risk by

5  agreeing to indemnify each other against particular kinds of losses. While reciprocal or inter-insurance

6  exchanges exist under the laws of a state, for the limited purpose of determining diversity jurisdiction,

7  they are treated as unincorporated business organizations. "Numerous federal courts have repeatedly

8  recognized that reciprocal insurance exchanges or associations . . . do not receive fictional citizenship as

9  do corporations but, instead, bear the citizenship of each member." *Tuck v. United Serv. Auto Ass'n*, 859

10  F.2d 842, 844 (10th Cir. 1988).  Therefore, plaintiffs UNITED SERVICES AUTOMOBILE

11  ASSOCIATION, USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY

12  COMPANY, and GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY are citizens

13  of the State of Washington since they are owned, in part, by citizens of the State of Washington.

14  **IV.**

15  **VENUE**

16       21.    Venue is proper pursuant to RCW 4.12.020(3) because this is an action for the recovery

17  of damages for injuries to property, where the cause of action arose in the County of Skamania.

18  **V.**

19  **FACTUAL BACKGROUND**

20  **A.**    **Defendant's railroad operations.**

21       22.    Defendant acts as a common carrier throughout western states, including Washington. I t

22  owns, operates, maintains, and repairs a railroad system that transports supplies and provides

23  transportation to residents, businesses, schools, and industries in Washington, including in and around

24  Skamania County.

25       23.    Defendant owns, operates, maintains, and repairs a railway in Skamania County,
Washington, including a right of way, tracks, roadbed, and other improvements

26  (collectively, the "Tracks").

27

**CLEMENT & DROTZ** PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

**B.      Defendant's railroad operations ignited fires in Washington Prior to July 2, 2023, including in the exact location of the Tunnel 5 Fire.**

24.      In 2007, the Broughton Fire burned 200 acres and seven structures (including five houses) in the precise location as The Fire.  The Broughton Fire was caused by Defendant's grinding of its Tracks.

25.      In 2015, according to the Washington State Department of Resources ("DNR"), Defendant's railroad caused a catastrophic wildfire in Spokane County known as the "Fish Lake Fire."

26.      According to the DNR's investigation of The Fire, five and eight days before the ignition of The Fire, sparks from Defendant's grinding of its Tracks started brush fires just east of the general area of origin of The Fire.

**C.      On July 2, 2023, Defendant's railroad operations ignited The Tunnel 5 Fire.**

27.      Older non-turbocharged locomotives such as BNSF's locomotive 2322 have a propensity to start fires.

28.      Due to this propensity, the common practice among railroad operators during summer months, including the summer of 2023, was not to use older non-turbocharged locomotives in the area where The Fire ignited, and to limit their use during those months to railroad yards.

29.      Defendant's Train, and particularly locomotive number 2322, did not use available technologies and safety equipment to mitigate fire risk, including a spark arrester, spark shields, turbocharged engine, and spark resistant brake pads.

30.      Defendant failed to properly manage the vegetation on or near its Tracks on or before July 2, 2023, so as to mitigate the risk of wildfire.

31.      A combination of strong winds, low relative humidity, and warm temperatures resulted in "red flag warnings" of extreme wildfire risk prior to and on July 2, 2023, in Skamania County.

32.      Despite the extreme risk of wildfires in Skamania County on July 2, 2023, Defendant operated its Train in an area with dry, overgrown vegetation on and next to its Tracks.

33.      The Fire started when sparks, hot debris, particles, emissions, and other materials from Defendant's Train ignited the overgrown vegetation on and/or next to Defendant's Tracks.

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

34. The high temperatures, together with winds gusting up to 20 miles per hour, spread fire over the landscape, scorching several hundred acres. The rapid spread of The Fire forced firefighters to focus on saving lives and initiating evacuations, rather than extinguishing The Fire.

35. The DNR investigated the cause and origin of The Fire, making several site visits. The DNR investigator's report (the "DNR Report") summarized the investigation as follows:

> "A BNSF train travelled through the origin area of the Tunnel 5 fire at aprx (sic) 1053 to 1100 hours on Sunday, 07/02/23. This train emitted some object(s) which started fire in 3 areas over an aprx (sic) 690-foot distance, all on the North side of the tracks and East of Tunnel 5. Several witnesses not known to each other identified this origin area along the North side of the BNSF tracks near Railroad MP 70, just East of Tunnel 5, North of Highway 14 in Skamania County, WA. Two witnesses photographed an older vintage non-turbocharged BNSF engine pulling 12 to 15 loaded cars WB through the origin areas aprx (sic) 25 minutes prior to the fire being seen and reported. I examined advancing, backing, and lateral/transition fire indicators in and near the 3 SOAs. I collected 72 possible train wheel solid polymer lubrication pad parts, and 2 possible emission carbons, within and near the SOAs and IAs. These items were deposited into fine and seasonally dry grass/small brush growing in mineral soil on the North side of the BNSF Tracks. Gusty winds were from the West at 12 to 22 MPH, mild humidity at 47%, and the aprx (sic) temperature was 75 degrees F. A steep and heavily wooded 85% slope was on the North side of the origin area, and according to local fire personel this slope had not been burned in decades. Additionally, BNSF track maintenance activities had ignited two other fires in the same vicinity just 5 and 8 days earlier. These two track maintenance fires occurred during hours of darkness when temperatures would have been cooler and humidity higher. A localized fire danger along the tracks in this general area should have been known to BNSF. [12]"

36. The DNR Report concluded:

> "After eliminating other probable causes for this fire, the Wildland Fire Investigation determined this fire was started by Human means: Railroad Operations; Right of Way Vegetation Maintenance; Wheel Lubrication Parts; and Exhaust Particles.[3]"

37. As stated in the DNR Report, the DNR collected materials and debris near the area of origin of the fire, including 72 solid polymer pads and 2 carbon emission particles that were deposited onto fine and seasonally dry grass/small brush growing on the north side of Defendant's Tracks.

38. The DNR concluded that superheated particles emitted from Defendant's Train ignited

---

[1] "[A]prx" is presumed to be an abbreviation for "approximate(ly)," "WB" is presumed to be Westbound, "SOA" is Specific Origin Area, "IA" is Ignition Area.
[2] State of Washington Department of Natural Resources, Wildland Fire Investigation, Case File Number 23-E-LAB, August 24, 2023, at 11.
[3] Id.

COMPLAINT FOR DAMAGES
Page 9 of 26

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1  vegetation in and surrounding the Tracks, causing The Fire.

2      **D.    Due to The Fire, Plaintiffs have suffered substantial harms.**

3      39.    The Fire caused Plaintiffs' Insureds to evacuate and be displaced from their homes and

4  properties, and to suffer substantial harms, including, but not limited to, damage to, destruction of, and

5  loss of real and personal property, loss of use and enjoyment of property; diminution in property value;

6  evacuation and additional living expenses.

7      40.    Pursuant to their policies of insurance, Plaintiffs' Insureds made claims to Plaintiffs

8  seeking indemnification and reimbursement for damages resulting from The Fire. Plaintiffs promptly

9  paid, or will pay, all claims made under then valid and applicable policies of insurance as contractually

10  obligated, and not as a voluntary payment.

11      41.    In consideration of Plaintiffs' payments to their Insureds for damage caused by The Fire,

12  Plaintiffs are subrogated to all rights, claims, and interests that their policyholders may have against any

13  person or entity that may be liable for causing the damages that resulted from The Fire.

14                              **VI.**

15                        **CLAIMS FOR RELIEF**

16                     <u>**FIRST CAUSE OF ACTION**</u>

17                         **NEGLIGENCE**

18      42.    Plaintiffs reallege and incorporate the foregoing allegations as if fully set forth herein.

19      43.    Defendant has a duty of care to maintain, inspect, and operate its railway with the utmost

20  care and prudence, because the operation of a railway exposes the public to serious accident or death.

21      44.    Operating a railroad is a matter of public concern. Defendant owes a duty to the public to

22  operate its railroad in a safe and prudent manner in compliance with Washington state law and federal

23  regulations.

24      45.    Under 49 CFR Part 229, Defendant has a duty, among other things, to inspect, maintain,

25  repair, and operate its Train, to ensure that it is in proper condition and safe to operate without

26  unnecessary peril to life and limb.

27      46.    Under 49 CFR Part 137, Defendant has a duty, among other things, to inspect and

**CLEMENT & DROTZ** PLLC
ATTORNEYS AT LAW

4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1  maintain its Tracks, including managing and maintaining vegetation on or near its Tracks, so as to

2  prevent a fire hazard.

3     47.    As required under RCW 9.40.040, Defendant has a duty, among other things, to equip its

4  locomotives that have a spark-emitting engine or boiler with a modern spark-arrester in good condition;

5     48.    The above cited regulations, and others, are intended to protect persons and property in

6  the area surrounding railroad tracks, such as each of Plaintiffs' Insureds and their property, from fires

7  caused by operation of the railroad.  The sparks, hot embers, or other hot matter ejected from BNSF

8  engine 2322 into dry vegetation that caused the Tunnel 5 wildfire and destroyed or damaged the

9  property and livelihoods of Plaintiffs' Insureds was exactly the type of fire caused by operation of the

10 railroad that compliance with the above-cited regulations is intended to prevent.

11    49.    In addition, consistent with federal regulations and industry practices and procedures,

12 Defendant has the duty to:

13     a.  Conduct prompt, proper, and frequent inspections of its locomotives and railcars,

14         including particularly the Train;

15     b.  Manage vegetation on or near its Tracks so as not to create a fire hazard;

16     c.  Operate, maintain, and/or repair its locomotives, and railcars, including

17         particularly the Train, in such a way as to ensure their safe and proper operation,

18         especially under dry, windy conditions where there is a high risk of wildfires;

19     d.  Use appropriate and available technology, such as "track warning detectors";

20         appropriately place such detectors to ensure timely alerting of any potential

21         problems; implement appropriate policies for the use of such detectors including,

22         but not limited to, setting appropriate alarm thresholds and criteria for

23         determining when a potentially dangerous condition exists, and ensure that such

24         detectors are timely and properly inspected and maintained;

25     e.  Ensure a proper mechanism for stopping or slowing malfunctioning locomotives

26         and/or railcars, including the Train, in a timely manner so as to avoid ignition of a

27         wildfire;

COMPLAINT FOR DAMAGES
Page 11 of 26

    f.  As required under RCW 9.40.040, equip its locomotives that have a spark-emitting engine or boiler with a modern spark-arrester in good condition;

    g.  Promptly de-activate or de-commission older locomotives with non-turbocharged diesel burning engines that have a propensity to emit sparks and ignite fires;

    h.  Hire, train, manage, oversee, and supervise its agents, servants, and employees, including, but not limited to, the train engineer, conductor, brake operator, and dispatcher, concerning the operation of its Train on July 2, 2023;

    i.  Properly determine the adequacy and skill of its agents, servants, and employees, including, but not limited to, the train engineer, conductor, brake operator, and dispatcher concerning the operation of its Train on July 2, 2023;

    j.  Ensure that the agents, servants, and employees, including the train engineer and dispatcher, were properly instructed and trained regarding the risk of wildfires, and concerning safety and emergency procedures if a fire were ignited along its Tracks on July 2, 2023;

    k.  Develop and implement a wildfire mitigation plan;

    l.  Timely implement an emergency response plan in the event of fire ignition on or near its Tracks; and

    m.  Contain the spread of fire on or near its Tracks.

50.    However, inconsistent with federal regulations, Washington state law, and industry practice, Defendant negligently, carelessly and/or recklessly breached its duties to Plaintiffs by, among other things:

    a.  Failing to properly inspect, repair, and maintain the Train on or before July 2, 2023;

    b.  Failing to properly manage vegetation on or near its Tracks on or before July 2, 2023, so as to mitigate the risk of wildfire;

    c.  Failing to operate, maintain, and/or repair its Train in a manner that would assure its safe and proper operation and mitigate the risk of wildfire;

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

d.  Failing to maintain vigilant lookout during the operation of the Train on July 2, 2023;

e.  Failing to immediately notify train dispatchers about fires observed along its Tracks on July 2, 2023;

f.  Failing to ensure a proper mechanism for stopping or slowing its malfunctioning Train in a timely manner on July 2, 2023, so as to avoid ignition of a wildfire;

g.  Failing to use, and/or respond to messages from, its "track warning detectors" along the Tracks on July 2, 2023, so as to prevent and/or rapidly respond to a fire;

h.  Failing to appropriately place such detectors along the Tracks in Skamania County prior to July 2, 2023, to ensure timely alerting of any potential problems; implement appropriate policies for the use of such detectors in Skamania including, but not limited to, setting appropriate alarm thresholds and criteria for determining when a potentially dangerous condition exists; and ensure that such detectors were timely and properly inspected and maintained.

i.  Failing to properly calibrate, maintain, test, and operate the brake systems on the Train;

j.  Failing to equip the Train's spark-emitting engine or boiler with a modern spark-arrester in good condition;

k.  Operating a non-turbocharged diesel-burning engine on locomotive 2322 on July 2, 2023, under dry, windy conditions with a high risk of wildfires;

l.  Failing to adequately hire, train, manage, oversee, and supervise its agents, servants, and employees, including but not limited to the train engineer, conductor, brake operator, and dispatcher involved in the operation of the Train on July 2, 2023;

m.  Failing to properly determine the adequacy and skill of its agents, servants, and employees, including but not limited to, the train engineer, conductor, brake operator, and dispatcher involved in the operation of the Train on July 2, 2023;

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

n.  Failing to adequately ensure that the agents, servants, and employees, including the train engineer and dispatcher, were properly instructed and trained regarding the risk of wildfires and concerning safety and emergency procedures in the event of a fire along its Tracks on July 2, 2023;

o.  Failing to properly develop and implement a wildfire mitigation program;

p.  Failing to implement an emergency response plan in the event of fire on or near its Tracks on July 2, 2023; and

q.  Failing to promptly contain the spread of fire near its Tracks on July 2, 2023.

51.     Additionally, the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20101 et seq., and its accompanying regulations are implemented to promote safety in every area of railroad operations and reduce railroad-related accidents and incidents. 49 U.S.C. § 20101. After a reasonable opportunity for further investigation or discovery, Plaintiffs will likely have evidentiary support to establish that Defendant's conduct violated one or more regulations, including but not limited to the following:

a.  49 CFR Part 213, including but not limited to 49 CFR § 213.37;

b.  49 CFR Part 229, including but not limited to 49 CFR §§ 229.7, 229.9, 229.21, 229.23, 229.25, 229.27, 229.29, 229.45, 229.46, 229.49, 229.57, 229.91, and 229.101;

c.  49 CFR Part 232, including but not limited to 49 CFR §§ 232.15, 232.103, 232.109 and 232.203; and

d.  49 CFR Part 271, including but not limited to 49 CFR §§ 271.101, 271.211, and 271.213.

52.     Defendant's violation of such safety laws and regulations demonstrates negligence in operation of their railroad with disregard for the lives and property of the public.

53.     As a direct and proximate result of Defendant's negligence as described above, Plaintiffs' Insureds made claims to Plaintiffs pursuant to their policies of insurance seeking indemnification and reimbursement for damages resulting from The Fire. Plaintiffs promptly paid, or will pay, all claims made under then valid and applicable policies of insurance as contractually obligated, and not as a

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (208) 448-2565

1 | voluntary payment.

2 |     54.    In consideration of Plaintiffs' payments to their Insureds for damage caused by The Fire,

3 | Plaintiffs are subrogated to all rights, claims, and interests that their policyholders may have against any

4 | person or entity that may be liable for causing the damages that resulted from The Fire.

5 |     55.    Plaintiffs are entitled to damages for claims paid in an amount to be determined at trial.

6 | **SECOND CAUSE OF ACTION**

7 | **NEGLIGENT TRESPASS**

8 |     56.    Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set

9 | forth herein.

10 |     57.    On July 2, 2023, Plaintiffs' Insureds were tenants, residents, and owners of real and

11 | personal property in The Fire area, and thus had an interest in exclusive possession of such property.

12 |     58.    As described above, Defendant owed Plaintiffs' Insureds numerous duties regarding the

13 | operation, inspection, maintenance and repair of its Train, so as to ensure that it was in proper condition

14 | and safe to operate on July 2, 2023, without causing unnecessary peril to life and property and without

15 | igniting a wildfire.

16 |     59.    Defendant also owed Plaintiffs' Insureds numerous duties regarding the inspection and

17 | maintenance of its Tracks, including managing and controlling vegetation on or near its Tracks, so as to

18 | ensure that the Tracks were in proper condition and safe to have a Train run on them on July 2, 2023,

19 | without causing unnecessary peril to life and limb and/or without igniting a wildfire.

20 |     60.    Defendant negligently, carelessly, and/or recklessly breached these duties, causing The

21 | Fire to ignite and spread out of control, and to intrude onto or into Plaintiffs' Insureds real and personal

22 | property.

23 |     61.    Plaintiffs Insureds did not grant permission for any fire, smoke, or ash to enter their

24 | properties.

25 |     62.    As a direct and proximate result of Defendant's negligent trespass as described above,

26 | Plaintiffs' Insureds made claims to Plaintiffs pursuant to their policies of insurance seeking

27 | indemnification and reimbursement for damages resulting from The Fire. Plaintiffs promptly paid, or

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1    will pay, all claims made under then valid and applicable policies of insurance as contractually

2    obligated, and not as a voluntary payment.

3         63.    In consideration of Plaintiffs' payments to their Insureds for damage caused by The Fire,

4    Plaintiffs are subrogated to all rights, claims, and interests that their policyholders may have against any

5    person or entity that may be liable for causing the damages that resulted from The Fire.

6         64.    Plaintiffs are entitled to damages for claims paid in an amount to be determined at trial.

7                                **THIRD CAUSE OF ACTION**

8                                **INTENTIONAL TRESPASS**

9         65.    Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set

10   forth herein.

11        66.    On July 2, 2023, Plaintiffs' Insureds were tenants, residents, and owners of real and

12   personal property in The Fire area, and thus had an interest in exclusive possession of such property.

13        67.    Defendant knew of the extreme risk of wildfire in Skamania County on July 2, 2023.

14   Defendant also knew of the high risk that its Train would emit sparks and ignite fires under hot, dry

15   conditions; that vegetation on or near its Tracks had not been adequately maintained to mitigate the risk

16   of fire; and that due to windy conditions on July 2, 2023, if its Train ignited a fire, the fire would spread

17   rapidly out of control.

18        68.    Therefore, Defendant knew that its operation of the Train in Skamania County on July 2,

19   2023, was substantially certain to ignite a fire that would grow into a wildfire that would invade

20   Plaintiffs' Insureds' properties and/or interfere with their exclusive possession of their properties, and

21   cause the damages for which Plaintiffs seek compensation in this action.

22        69.    Despite such knowledge, Defendant intentionally operated its Train in Skamania County

23   on July 2, 2023, which ignited The Fire.

24        70.    It was reasonably foreseeable that Defendant's operation of its Train on July 2, 2023,

25   would ignite a wildfire that would invade Plaintiffs' Insureds real and personal property and/or disturb

26   Plaintiffs' Insureds possessory interests in their property.

27        71.    Plaintiffs' Insureds did not grant permission for any fire, smoke, or ash to enter their

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1  properties.

2      72.    As a direct and proximate result of Defendant's intentional trespass as described above,

3  Plaintiffs' Insureds made claims to Plaintiffs pursuant to their policies of insurance seeking

4  indemnification and reimbursement for damages resulting from The Fire. Plaintiffs promptly paid, or

5  will pay, all claims made under then valid and applicable policies of insurance as contractually

6  obligated, and not as a voluntary payment.

7      73.    In consideration of Plaintiffs' payments to their Insureds for damage caused by The Fire,

8  Plaintiffs are subrogated to all rights, claims, and interests that their policyholders may have against any

9  person or entity that may be liable for causing the damages that resulted from The Fire.

10      74.    Plaintiffs are entitled to damages for claims paid in an amount to be determined at trial.

11                          **FOURTH CAUSE OF ACTION**

12                     **STATUTORY WASTE (RCW 4.24.630)**

13      75.    Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set

14  forth herein.

15      76.    RCW 4.24.630(1) provides:

16
17  Every person who goes onto the land of another and who removes timber, crops, minerals, or
    other similar valuable property from the land, or *wrongfully causes waste or injury to the land*,
    *or wrongfully injures personal property or improvements to real estate on the land*, is liable to
18  the injured party for treble the amount of the damages caused by the removal, *waste, or injury.*
    For purposes of this section, a person acts "wrongfully" if the person intentionally and
19  unreasonably commits the act or acts while knowing, or having reason to know, that he or she
    lacks authorization to so act. (Emphasis added.)
20

21      77.    On July 2, 2023, Plaintiffs' Insureds were tenants, residents, and owners of real and

22  personal property in The Fire area.

23      78.    Defendant knew of the extreme risk of wildfire in Skamania County on July 2, 2023.

24  Defendant also knew of the high risk that its Train would emit sparks and ignite fires under hot, dry

25  conditions; that vegetation on or near its Tracks had not been adequately maintained to mitigate the risk

26  of fire; and that due to windy conditions on July 2, 2023, if its Train ignited a fire, the fire would spread

27  rapidly out of control.

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

79.     Therefore, Defendant knew that its operation of the Train in Skamania County on July 2, 2023, was substantially certain to ignite a fire that would grow into a wildfire that would cause fire, smoke, and ash to physically enter Plaintiffs' Insureds land, and cause the damages for which Plaintiffs seek compensation in this action.

80.     Under the circumstances, Defendant's intentional operation of its Train on July 2, 2023, in Skamania County was unreasonable and dangerous.

81.     Plaintiffs' Insureds did not authorize Defendant to cause fire, smoke, or ash to enter their properties.

82.     As a direct and proximate result of Defendant's wrongful waste or injury to personal property, land, or improvements to real estate on the land as described above, Plaintiffs' Insureds made claims to the Plaintiffs pursuant to their policies of insurance seeking indemnification and reimbursement for damages resulting from The Fire. Plaintiffs promptly paid, or will pay, all claims made under then valid and applicable policies of insurance as contractually obligated, and not as a voluntary payment.

83.     In consideration of Plaintiffs' payments to their Insureds for damage caused by The Fire, Plaintiffs are subrogated to all rights, claims, and interests that their policyholders may have against any person or entity that may be liable for causing the damages that resulted from The Fire.

84.     Plaintiffs are entitled to damages for claims paid in an amount to be determined at trial.

85.     In addition, as provided in RCW 4.24.630(2), Plaintiffs are entitled to treble damages, reasonable investigation and litigation costs, and attorneys' fees according to proof at trial.

## FIFTH CAUSE OF ACTION

### PUBLIC AND PRIVATE NUISANCE (RCW 7.48.010 et seq.)

86.     Plaintiffs reallege and incorporate the foregoing allegations as if fully set forth herein.

87.     RCW 7.48.010 states: "[W]hatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property, is a nuisance and the subject of an action for damages and other and further relief."

COMPLAINT FOR DAMAGES
Page 18 of 26

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

88.    RCW 7.48.120 states: "Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either annoys, injures or endangers the comfort, repose, health or safety of others; . . . or in any way renders other persons insecure in life, or in the use of property."

89.    RCW 7.48.130 states: "A public nuisance is one which affects equally the rights of an entire community or neighborhood, although the extent of the damage may be unequal."

90.    RCW 7.48.150 states: "Every nuisance not included in the definition of RCW 7.48.130 is private."

91.    As more fully described above, despite the propensity of its Train and particularly locomotive 2322 to ignite fires, and the inadequacy of maintenance of its Tracks, on July 2, 2023, under hazardous weather conditions conducive to fire, Defendant operated its Train near Tunnel 5 in violation of Washington state law and federal regulations.

92.    Defendant's unlawful operation of its Train on July 2, 2023, which resulted in The Fire, deprived Plaintiffs' Insureds of the use of their property, and therefore created a public nuisance.

93.    Alternatively, Defendant's conduct, which resulted in The Fire, created a private nuisance.

94.    As a direct and proximate result of Defendant's maintenance and perpetuation of a public or private nuisance as described above, Plaintiffs' Insureds made claims to the Plaintiffs pursuant to their policies of insurance seeking indemnification and reimbursement for damages resulting from The Fire. Plaintiffs promptly paid, or will pay, all claims made under then valid and applicable policies of insurance as contractually obligated, and not as a voluntary payment.

95.    In consideration of Plaintiffs' payments to their Insureds for damage caused by The Fire, Plaintiffs are subrogated to all rights, claims, and interests that their policyholders may have against any person or entity that may be liable for causing the damages that resulted from The Fire.

96.    As provided in RCW 7.48.010, RCW 7.48.020, and RCW 7.48.200, Plaintiffs are entitled to damages and other relief to be determined according to proof at trial.

///

///

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1

<u>**SIXTH CLAIM FOR RELIEF**</u>

2

*RES ISPA LOQUITOR*

3    97.    Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set

4    forth herein.

5    98.    At all relevant times, Defendant's Train was the only Train that operated on the Tracks in

6    the general area of origin of The Fire.

7    99.    There is no information or evidence that any individual or entity other than Defendant

8    caused or contributed to the release or emission of superheated particles, sparks, or other materials that

9    ignited The Fire.

10    100.    The wildfire was not caused by any voluntary action or contribution by Plaintiffs.

11    101.    The DNR Report ruled out all causes of The Fire other than particles emitted from

12    Defendant's Train, which at all relevant times was an instrumentality within Defendant's exclusive

13    control.

14    102.    After a reasonable opportunity for further investigation or discovery, Plaintiffs will likely

15    have evidentiary support to establish an inference that Defendant's negligence caused Plaintiffs'

16    injuries.

17    103.    One or more wrongful acts or omissions of Defendant amounting to a breach of its duty

18    of care to Plaintiffs caused the release of superheated particles or sparks that ignited dry grasses and

19    vegetation on or near the Tracks, causing The Fire.

20    104.    As a direct and proximate result of Defendant's acts or omissions that caused The Fire,

21    Plaintiffs' Insureds made claims to the Plaintiffs pursuant to their policies of insurance seeking

22    indemnification and reimbursement for damages resulting from The Fire. Plaintiffs promptly paid, or

23    will pay, all claims made under then valid and applicable policies of insurance as contractually

24    obligated, and not as a voluntary payment.

25    105.    In consideration of Plaintiffs' payments to their Insureds for damage caused by The Fire,

26    Plaintiffs are subrogated to all rights, claims, and interests that their policyholders may have against any

27    person or entity that may be liable for causing the damages that resulted from The Fire.

**CLEMENT & DROTZ** PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

106.    Plaintiffs are entitled to damages for claims paid in an amount to be determined at trial.

**SEVENTH CLAIM FOR RELIEF**

**INVERSE CONDEMNATION (Article I, section 16 of the Washington Constitution)**

107.    Plaintiffs reallege and incorporate the foregoing allegations as if fully set forth herein.

108.    Article 1, Section 16 of the Washington State Constitution states that no private property shall be taken or damaged for public or private use without just compensation having been first made.

109.    Under RCW 81.36.010 and RCW 81.53.180, Defendant has the power of eminent domain.

110.    As such, prior to and on July 2, 2023, Defendant designed, constructed, installed, operated, controlled, used, and maintained a railroad within Skamania County for the purpose of transporting goods and people.

111.    On July 2, 2023, Defendant operated its Train in Skamania County under hazardous fire conditions, and thereby caused The Fire, which damaged and destroyed Plaintiffs' Insureds' real and personal properties, and substantially interfered with Plaintiffs' Insureds' use, access, enjoyment, and value of such properties.

112.    The damage to Plaintiffs' Insureds' properties was a highly foreseeable consequence of Defendant's operation of its Train under hazardous fire conditions on July 2, 2023.

113.    The harms and damages to Plaintiffs' Insureds' properties are extensive and ongoing, including, without limitation, damage to and destruction of homes, outbuildings and other structures; automobiles, equipment, tools, personal effects and other personal property; and ancient trees, crops and other plants, and other landscape features.  The harms and damages include contamination of soils, erosion, and land instability, especially on or near cliffs overlooking the Columbia River.  The harms and damages to Plaintiffs' Insureds' properties are permanent or so extensive that those properties may not be restored for generations.

114.    Accordingly, the damage and substantial interference to Plaintiffs' Insureds' properties is permanent and recurring.

115.    In causing The Fire and the resultant damage and destruction, Defendant, because of its

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

power of eminent domain pursuant to RCW 81.36.010 and its status as a common carrier, among other things, acted as an instrumentality of state power.

116.    Defendant took Plaintiffs' Insureds' property without just compensation being paid.

117.    As a direct and proximate result of Defendant's unjust taking, Plaintiffs' Insureds made claims to the Plaintiffs pursuant to their policies of insurance seeking indemnification and reimbursement for damages resulting from The Fire.  Plaintiffs promptly paid, or will pay, all claims made under then valid and applicable policies of insurance as contractually obligated, and not as a voluntary payment.

118.    In consideration of Plaintiffs' payments to their Insureds for damage caused by The Fire, Plaintiffs are subrogated to all rights, claims, and interests that their policyholders may have against any person or entity that may be liable for causing the damage that resulted from The Fire.

119.    Plaintiffs are entitled to recover damages from Defendant for the payments made to their Insureds for taking of real and personal property in an amount to be proven at trial.

120.    Plaintiffs are also entitled, pursuant to RCW 8.25.070, to recover reasonable attorney, appraisal, and other fees, actually incurred because of this proceeding in the trial court and/or in any appellate proceeding in which Plaintiffs prevail.

## VII.

## PRAYER FOR RELIEF

Plaintiffs seek the following damages in amounts according to proof at the time of trial:

A.    On their First, Second, Third, Fifth, and Sixth Claims for Relief:

1.    Special damages according to proof, including but not limited to payments made to or on behalf of Plaintiffs' Insureds for covered losses under Plaintiffs' policy of insurance for:

a.    Damage or destruction of real and personal property;

b.    Damage or destruction of business structures, fixtures, inventory, or business personal property;

c.    Loss of use of real and personal property;

d.    Loss of use of business property;

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

  e. Loss of business profits or proceeds and any related displacement expenses;

  f. Evacuation expenses and additional living expenses.

2. Attorneys' fees, expert fees, consultant fees, and litigation costs and expense, as allowed under any and all applicable law;

3. Prejudgment interest from July 2, 2023; and

4. Such other and further relief as the Court shall deem proper, all according to proof.

B. <u>On their Fourth Claim for Relief for Statutory Waste, pursuant to RCW 4.24.630</u>:

1. Special damages trebled, as determined on an individual basis according to proof, including without limitation; payments made to or on behalf of Plaintiffs' Insureds for covered losses under Plaintiffs' policy of insurance for:

  a. Damage or destruction of real and personal property;

  b. Damage or destruction of business structures, fixtures, inventory, or business personal property;

  c. Loss of use of real and personal property;

  d. Loss of use of business property;

  e. Loss of business profits or proceeds and any related displacement expenses;

  f. Evacuation expenses and additional living expenses.

2. Attorneys' fees, expert fees, consultant fees, and litigation costs and expense, as allowed under any and all applicable law;

3. Prejudgment interest from July 2, 2023; and

4. Such other and further relief as the Court shall deem proper, all according to proof.

C. <u>On their Seventh Claim for Relief for Inverse Condemnation</u>:

1. Reimbursement for payments made to or on behalf of Plaintiffs' Insureds for covered losses under Plaintiffs' policy of insurance for:

  a. Repair and/or replacement of damaged or destroyed real and personal property, or, alternatively, diminution in value of real and personal property;

  b. Loss of use of real and personal property;

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1    appellate proceeding in which Plaintiff prevails on any issue; and

2    4.    Such other and further relief as the Court shall deem proper, all according to proof.

3

4

5

6    DATED: June 24, 2025                CLEMENT & DROTZ PLLC

7                                        By: /s/
8                                        Marnie H. Silver, WSBA #34002
9                                        4205 148th Avenue NE, Suite 201
                                         Bellevue, WA 98007
10                                       Ph: 206-448-2565
                                         Fax: 206-219-4819
11                                       Email: msilver@clementdrotz.com
                                         Attorneys for Plaintiffs
12                                       *Attorneys for Plaintiff Mutual of Enumclaw*

13

14                                       **LAW OFFICES OF ROBERT A. STUTMAN,**
                                         **PC**
15

16   DATED: June 18, 2025
                                         By. _____
17                                       Timothy E. Cary (*Pro Hac Vice to be Filed*)
18                                       W. Diane Wayland (*Pro Hac Vice to be Filed*)
                                         1260 Corona Pointe Ct., Suite 306
19                                       Corona, CA 92879
                                         (951) 387-4700
20                                       caryt@stutmanlaw.com
                                         waylandd@stutmanlaw.com
21

22                                       *Attorneys for Plaintiff Mutual of Enumclaw*

23

24

25

26

27   ***(Signatures continued below…)***

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1

2    DATED: June___, 2025                   **BAUMAN LOEWE WITT & MAXWELL,**
                                            **PLLC**

3

4                                           By: *Christoph Brennan*
                                            _____
5                                           Christopher J. Brennan, WSBA No. 43605
                                            Carl Guerrieri, (*Pro Hac Vice* to be filed)
6                                           cbrennan@blwmlawfirm.com
                                            cguerrieri@blwmlawfirm.com
7

8                                           *Attorneys for Plaintiffs, Allstate Vehicle and*
                                            *Property Insurance; Allstate Northbrook Indemnity*

9

10   DATED: June___, 2025                   **REANO LAW, PLLC**

11

12                                          By: _____
                                            Kristen Reano
13                                          2005 SE 192nd Avenue, Suite 200
                                            Camas, WA 98607
14                                          (360) 386-7003
                                            kristen@reanolaw.com
15

16                                          *Attorneys for Plaintiffs United Services Automobile*
                                            *Association, USAA Casualty Insurance Company,*
17                                          *USAA General Indemnity Company, Garrison*
                                            *Property and Casualty Company*

18

19   DATED: June___, 2025                   **EVEZICH LAW OFFICES P.L.L.C.**

20

21                                          By: _____
                                            Craig Evezich
22                                          22525 SE 64th Pl., Suite 2300
                                            Issaquah, WA 98027
23                                          (206) 397-0128
                                            craig@evezich.com
24

25                                          *Attorneys for Plaintiff State Farm Fire and*
                                            *Casualty Company, Foremost Insurance Company*
26                                          *Grand Rapids, Michigan; Truck Insurance*
                                            *Exchange*

27   **(Signatures continued below…)**

COMPLAINT FOR DAMAGES
Page 25 of 26

DATED: June___, 2025

**BAUMAN LOEWE WITT & MAXWELL, PLLC**

By: _____
Christopher J. Brennan, WSBA No. 43605
Carl Guerrieri, (*Pro Hac Vice* to be filed)
cbrennan@blwmlawfirm.com
cguerrieri@blwmlawfirm.com

*Attorneys for Plaintiffs, Allstate Vehicle and Property Insurance; Allstate Northbrook Indemnity*

DATED: June 19, 2025

**REANO LAW, PLLC**

By: _____
Kristen Reano    WSBA No 61026
2005 SE 192nd Avenue, Suite 200
Camas, WA 98607
(360) 386-7003
kristen@reanolaw.com

*Attorneys for Plaintiffs United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company, Garrison Property and Casualty Company*

DATED: June___, 2025

**EVEZICH LAW OFFICES P.L.L.C.**

By: _____
Craig Evezich
22525 SE 64th Pl., Suite 2300
Issaquah, WA 98027
(206) 397-012
craig@evezich.com

*Attorneys for Plaintiff State Farm Fire and Casualty Company, Foremost Insurance Company Grand Rapids, Michigan; Truck Insurance Exchange*

*(Signatures continued below...)*

COMPLAINT FOR DAMAGES
Page 25 of 26

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE (206) 448-2565

DATED: June__, 2025

**BAUMAN LOEWE WITT & MAXWELL, PLLC**

By: _____
Christopher J. Brennan, WSBA No. 43605
Carl Guerrieri, (*Pro Hac Vice* to be filed)
cbrennan@blwmlawfirm.com
cguerrieri@blwmlawfirm.com

*Attorneys for Plaintiffs, Allstate Vehicle and Property Insurance; Allstate Northbrook Indemnity*

DATED: June__, 2025

**REANO LAW, PLLC**

By: _____
Kristen Reano
2005 SE 192nd Avenue, Suite 200
Camas, WA 98607
(360) 386-7003
kristen@reanolaw.com

*Attorneys for Plaintiffs United Services Automobile Association, USAA Casualty Insurance Company, USAA General Indemnity Company, Garrison Property and Casualty Company*

DATED: June 23 2025

**EVEZICH LAW OFFICES P.L.L.C.**

By: _____
Craig Evezich    WSBA No 20957
22525 SE 64th Pl., Suite 2300
Issaquah, WA 98027
(206) 397-0128
craig@evezich.com

*Attorneys for Plaintiff State Farm Fire and Casualty Company, Foremost Insurance Company Grand Rapids, Michigan; Truck Insurance Exchange*

**(Signatures continued below...)**

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565

1    DATED: June 23, 2025

2

3

**GROTEFELD HOFFMANN LLP**

By: _____

4    Kevin A. Schummer    WSBA No 55249
     324 S. Abernethy Street

5    Portland, OR 97239
     (503) 386-6501

6    kschummer@ghlaw-llp.com

7

8    *Attorneys for Plaintiff Safeco Insurance Company*
     *of America*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT FOR DAMAGES
Page **26** of **26**

CLEMENT & DROTZ PLLC
ATTORNEYS AT LAW
4205 148th Avenue NE, Suite 201
BELLEVUE, WASHINGTON 98007
TELEPHONE: (206) 448-2565